UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No.:

MICHELLE C. MELETICHE,   )
                          )
            Plaintiff,    )
                          )
v.                        )
                          )
AEROTEK, INC., and KPR U.S., )
L.L.C. a.k.a CARDINAL HEALTH, )
                          )
            Defendants.   )
                          )
_____)

## COMPLAINT

The Plaintiff MICHELLE C. MELETICHE (the "Plaintiff") sues the Defendants AEROTEK, INC., and KPR U.S., L.L.C. a.k.a CARDINAL HEALTH, (collectively the "Defendants"), and alleges:

## JURIDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). This dispute involves a controversy between citizens of different states and the amount of controversy exceeds $75,000.00.

2. Plaintiff is domiciled in Volusia County, Florida within the jurisdiction of this Honorable Court, and Plaintiff performed work for Defendants in Volusia County, Florida.  As such Plaintiff is a citizen of Florida.



www.saenzanderson.com

3. Defendant AEROTEK, INC. ("Aerotek") is a Foreign Profit Corporation incorporated in the state of Maryland and has its principal place of business in the state of Maryland. Therefore, Aerotek is a citizen of Maryland.

4. Defendant KPR U.S., L.L.C. a.k.a CARDINAL HEALTH ("Cardinal") is a Foreign Limited Liability Company incorporated in the state of Delaware and has its principal place of business in the state of Ohio. According to the filings with the Florida Department of State, Division of Corporations, the only listed member of KPR U.S., L.L.C. is Innerdyne Holdings, Inc. an Ohio corporation. Therefore, Cardinal is a citizen of Ohio.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants conduct business in Volusia County, Florida, and because a substantial part of the events or omissions giving rise to this action occurred within this judicial district.

6. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes[1].

7. All conditions precedent to bringing this action have occurred, been performed or been excused.

---

[1] Plaintiff will move to amend this complaint as soon as she received a right to sue from the EEOC. She will also be claiming disability discrimination and retaliation.

2



www.saenzanderson.com

8. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## THE PARTIES

9. Cardinal is a distributor of pharmaceuticals and a global manufacturer and distributor of medical and laboratory products.

10. Aerotek is a staffing agent in the business of providing employees to companies such as Cardinal.

11. Plaintiff worked for Defendants as a healthcare tool provider. She was hired by Aerotek, paid by Aerotek and her daily work was controlled and supervised by Cardinal and Aerotek.

12. Defendants share common management, centralized control of labor relations, and interrelated operations. Defendants are an integrated enterprise under the law. Alternatively, each company is an agent of each other, and jointly liable to Plaintiff.

13. Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Defendants are joint employers. Alternatively, each company is an agent of each other, and jointly liable to Plaintiff.

3



www.saenzanderson.com

14. Each Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

15. On or about July 21, 2022, the Plaintiff suffered a work-related injury.

16. Specifically, while lifting a box with medical needles and syringes, Plaintiff felt a "pop" in her back and began feeling severe pain to her back and ankles.

17. The injury happened while Plaintiff was working for the Defendant.

18. The injury alleged above required medical treatment.

19. Immediately after the work-related accident occurred, Plaintiff reported her injuries to the Defendant and requested medical treatment. She was taken by ambulance to the nearest hospital.

20. In the coming days, Plaintiff had to be absent from work to treat her injuries and for follow up treatment. She notified Defendants about her need to attend to doctor's appointments while injured. Defendants reluctantly gave her time off and Plaintiff's supervisor, Sue (ULN) told Plaintiff "You are faking your injury."

21. On or about August 3, 2022, Cardinal terminated Plaintiff's employment and Aerotek ratified Plaintiff's termination.

4



www.saenzanderson.com

22. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory.

## COUNT I: DISCHARGE

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

24. Fla. Stat. § 440.205 states: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

25. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

26. A motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.  Alternatively, Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

27. The Defendants' termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.



5

www.saenzanderson.com

28. By reason of Defendants' wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

29. The Defendants' conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present; front wages; compensatory mental damages; punitive damages; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.



www.saenzanderson.com

6

Dated: December 30, 2022.

        Respectfully submitted,

        **By:  /s/ Max L. Horowitz**
        Max L. Horowitz, Esquire
        Fla. Bar No.: 118269
        Email: max@saenzanderson.com
        Tanesha Blye, Esquire
        Fla. Bar No.: 738158
        Email: tblye@saenzanderson.com
        R. Martin Saenz, Esquire
        Fla. Bar No.: 0640166
        Email: msaenz@saenzanderson.com

        SAENZ & ANDERSON, PLLC
        20900 NE 30th Avenue, Ste. 800
        Aventura, Florida 33180
        Telephone: (305) 503-5131
        Facsimile: (888) 270-5549
        *Counsel for Plaintiff*



www.saenzanderson.com